Linda L. JOHNSON, Plaintiff,

v.

**EASTERN BAND CHEROKEE NATION, Defendant.**

**Misc. No. 2409.**

United States District Court, N.D. New York.

Aug. 15, 1989.

———

ORDER

McCURN, Chief Judge.

Plaintiff pro se Linda L. Johnson herein has made application to this court to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, in prosecution of the action set forth in the plaintiff's complaint. The complaint drafted and presented to the court by plaintiff pro se appears in essence to be an action to compel plaintiff's membership in an Indian Nation, i.e., Eastern Band Cherokee Nation. The question presented is whether this court has subject matter jurisdiction over the matter in issue. If not, the court must deny the application pursuant to 28 U.S.C. § 1915(d).

■ A district court may refuse an application to proceed in forma pauperis if the action is frivolous. When a court does not have jurisdiction to hear an action, the claim is considered frivolous. This court does not have jurisdiction to enjoin the Eastern Band of the Cherokee Indians from excluding the plaintiff. The plaintiff's claim is therefore frivolous, and this court must refuse her application to proceed in forma pauperis.

STATEMENT OF FACTS

On May 15, 1989, Ms. Linda Johnson, a Nedrow resident, submitted a proposed complaint to this court against the Appealing Officer of the Eastern Band Cherokee Indian Nation of North Carolina. Plaintiff alleges that she has been wrongfully denied official membership to the Nation, even though she is a direct descendent of the Cherokee Tribe. Through her complaint, she seeks an order compelling the Cherokee Tribe to grant her full membership, and the privileges pertaining thereto. Plaintiff's claim was supplemented by an application to proceed in forma pauperis. The issue presently before the court is whether to grant plaintiff's application to proceed in forma pauperis.

DISCUSSION

28 U.S.C. § 1915(a) (West 1982) ("Proceedings in forma pauperis") states, in pertinent part:

Any court of the United States may authorize the commencement, prosecution, or defense of any suit, action, or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes an affidavit that he is unable to

pay such costs or give security there-for....

Section 1915(d) limits the scope of in forma pauperis proceedings, though, by authorizing the court to dismiss in forma pauperis claims which are frivolous or malicious. 28 U.S.C. § 1915(d) (West 1982). The Second Circuit has interpreted the "frivolous" claims provision to include those which present little chance for success on the merits in light of the various defenses which may be asserted. *Anderson v. Coughlin,* 700 F.2d 37, 43 (2d Cir.1983) (application to proceed (in forma pauperis) may be denied if the complaint fails to state a claim upon which relief can be granted, and hence could be dismissed on Rule 12(b)(6) grounds).

If a court does not have jurisdiction to hear an action, then chances of success in light of the probable defenses, *e.g.* Fed.R. Civ.P. 12(b)(1), 12(b)(2) (motions to dismiss for lack of jurisdiction) are remote, and such circumstances would warrant dismissal of the in forma pauperis proceeding. *See id.* For the reasons stated below, the court does not have jurisdiction to hear plaintiff's complaint against the Eastern Band of the Cherokee Indian Nation. Therefore, § 1915(d) compels the court to deny plaintiff's application to proceed.

1. This court does not have subject-matter jurisdiction over the matter in issue.

The rule is that a federal court obtains jurisdiction over subject-matter only if the cause of action arises under the United States Constitution, treaties, or federal law, 28 U.S.C. 1331, or if the elements necessary to constitute diversity of citizenship are present, pursuant to 28 U.S.C. § 1332. Neither method of obtaining subject-matter jurisdiction exists in the action.

■ a. The cause of action does not present a federal question. The Supreme Court has held that controversies surrounding membership in an Indian Nation are reserved to the tribe's discretion, and there-fore do not present a question of federal law. *See* Cohen's Handbook of Federal Indian Law 20, (citing *Roff v. Burney,* 168 U.S. 218, 18 S.Ct. 60, 42 L.Ed. 442 (1897); *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978); *United States v. Wheeler,* 435 U.S. 313, 322 n. 18, 98 S.Ct. 1079, 1085 n. 18, 55 L.Ed.2d 303 (1978); *Cherokee Intermarriage Cases,* 203 U.S. 76, 27 S.Ct. 29, 51 L.Ed. 96 (1906)). "A tribe's right to define its own membership for tribal purposes has long been recognized as a central to its existence.... *the judiciary should not rush to create causes of action which would intrude on these delicate matters."* *Santa Clara Pueblo v. Martinez,* 436 U.S. at 72 n. 32, 98 S.Ct. at 1684 n. 32, 56 L.Ed.2d 106 (1978), *quoted in* Cohen's Handbook, at 20 n. 7 (emphasis added).

The New York Court of Appeals has ruled similarly, in a case nearly identical to that currently before this court. *See Patterson v. Council of Seneca Nation,* 245 N.Y. 433, 157 N.E. 734 (1927). In *Patterson,* the court held that it could not compel the plaintiff's enrollment in the defendant tribe, because the "vestige of separate national life" compelled that the Indian nation retain for itself the right to determine its membership. *Id.* 157 N.E. at 736. On numerous other occasions, federal and state courts have held that issues concerning tribal membership must be reserved for resolution by the respective Indian Nation, without encroachment by American entities. *See generally* Cohen's Handbook, at 20–21. Ms. Johnson's complaint regarding her exclusion from the Eastern Band of the Cherokee Nation presents a question for the Cherokee Nation, and not United States law, to resolve.[1]

■ b. The alternative manner of obtaining subject-matter jurisdiction, diversity of citizenship, is not present, either. 28 U.S.C. § 1332 states, in pertinent part, that "[t]he district courts shall have original

---

1. If, *arguendo,* there were a federal question, then this court would most likely have subject-matter jurisdiction, despite the controversy's origin in and effect on the Cherokee Nation. *See* 25 U.S.C. § 1322 ("Assumption by State of Civil Jurisdiction" and ensuing "Interpretive Notes and Decisions"); *Sasser v. Beck,* 40 N.C.App. 668, 253 S.E.2d 577, *cert. denied,* 298 N.C. 300, 259 S.E.2d 915 (1979), construing Treaty of New Echota.

jurisdiction of all *civil actions* where the matter in controversy exceeds the sum or value of $50,000...." *Id.* (emphasis added). Prerequisite to a district court's assumption of diversity jurisdiction is the *existence* of a civil action over which it may preside. *See id.* As stated above, however, the question of membership to an Indian Nation does not present a question for any United States court, state or federal, to decide. *See Santa Clara Pueblo v. Martinez,* 436 U.S. at 72, 98 S.Ct. at 1684. Since § 1332 requires the existence of a civil action, this court may not assume subject-matter jurisdiction by means of diversity.

## CONCLUSION

Neither avenue of obtaining subject-matter jurisdiction is available to plaintiff in this matter. Since the court has no jurisdiction, plaintiff's application to proceed in forma pauperis must be denied. *See* 28 U.S.C. § 1915(d), *construed in Anderson v. Coughlin,* 700 F.2d at 43.

IT IS SO ORDERED.